IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALVION PROPERTIES, INC. ) Chapter 11
)
Debtor. ) CASE NO. 15-40462
)

## OBJECTION TO MOTION TO DETERMINE THAT DEBTOR'S PROPERTY IS A SINGLE ASSET REAL ESTATE

Now comes the Debtor, Alvion Properties, Inc., by its attorney, and states the following in support of its objection:

1. On May 14, 2015 Debtor filed a petition herein under Chapter 11 of the Bankruptcy Code.

2. On July 15, 2015 Farmers State Bank of Alto Pass (Bank) filed an Amended Motion to Determine that Debtor's Property is a Single Asset Real Estate pursuant to 11 USC 101(51)(b).

3. Debtor's bankruptcy schedules were filed on May 14, 2015.

4. On Schedule A, the Debtor listed its real property which consists of 4,513 acres of minerals and 1,295 acres owned fee simple (land) in Scott County, Virginia.

5. The Bank is a creditor by the reason of a promissory note executed on October 20, 2007 in the principal amount of one million dollars ($1,000,000.00).

6. There is a dispute as to the extent of the Bank's security interest in the property.

7. The Bank seeks to have the Debtor declared a "single asset real estate" pursuant to Bankruptcy Code §101(51)(b).

8. The Bank seeks this ruling in order to determine whether the provisions of 11USC362(d)(3)apply.

## SINGLE ASSET REAL ESTATE §101 (51B)

9. The term single asset real estate is defined as:

The term "**single asset real estate**" means real property constituting a **single** property or project, other than residential **real** property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the **real** property and activities incidental. 11 U.S.C. §101(51B).This is commonly referred to as a SARE.

10. Three requirements emerge from this definition which must all be met for a debtor to be considered a SARE debtor: (1) the debtor must have real property constituting a single property or project (other than residential real property with fewer than 4 residential units), (2) which generates substantially all of the gross income of the debtor, and (3) on which no substantial business is conducted other than the business of operating the real property and activities incidental thereto. If a debtor fails to meet any prong, it is not a SARE. In re Scotia Pac. Co., LLC, 508 F.3d 214, 220 (5th Cir. 2007)

### Prong One – Real property constituting a single property or project.

11. The Debtor owns 1,294 acres of land in Scott County, Virginia. The Debtor also owns the mineral rights to that real estate.

12. The Debtor also owns an additional 3,219 acres of mineral rights *in*

*addition to* the mineral rights the Debtor owns on the land as referenced above.

13. Clearly, these are two separate properties.

14. The properties do not constitute a single project.

15. As discussed briefly at the creditor meeting, the Debtor is moving forward on granting a conservation easement on *some of* the property.

16. The Debtor representative also testified that the property has significant, valuable coal veins that the Debtor further stated already has a license to mine the coal.

17. The Debtor also reported that the real property owned by the Debtor has abundant timber and, in fact, timber from this property had been sold previously.

18. The Debtor will further testify that the property owned contains valuable building stone which can be sold at a considerable profit.

19. Based on all the projects for these properties and that the properties are not a single property, the Debtor has established that prong one of the three required prongs necessary to establish a SARE has not been met.

Prong two – Property generates substantially all Debtor income

20. As stated above, there are two separate properties to generate different types of income.

21. Presently the Debtor is not generating income from the properties.

Prong Three - On which no substantial business is conducted other than the business of operating the real property and activities incidental thereto.

22. Presently, no substantial business is operated on the property other than the operating of the real property.

## DISCUSSION

The Debtor maintains that it is not a SARE as the first prong of the three part test, single property or project, does not factually apply to the Debtor. The application of the three prong test to determine if the Debtor is A SARE should be narrowly defined to avoid the broad application of 'single asset' which provides an exception to the basic protections afforded a Debtor in a bankruptcy proceeding.

"Section 101(51B) severely limits the class of debtors which qualify as SAREs, and we have no warrant to expand that definition. SARE debtors are carved out and subjected to stringent requirements in § 362(d)(3) which expedite the time for SARE debtors to file a plan of reorganization or commence making monthly payments, failing which the automatic stay is promptly lifted. See 11 U.S.C. § 362(d)(3). If Scopac is considered a SARE debtor, this narrow exception to the ordinary bankruptcy process would sweep broadly and require us to include such entities as owners of land or mineral interests who operate sophisticated businesses such as mining, oil and gas drilling, and large commercial farms simply by virtue of the debtor owning the land. Such a result is obviously contrary to the plain language of § 101(51B)." In re Scotia Pac. Co., LLC, 508 F.3d 214, 225 (5th Cir. 2007).

The Bank bears the burden of proof to have the Debtor declared a SARE. The burden of proving that the properties are subject to the SARE provisions of the Bankruptcy Code is on the moving party.... In re Yishlam, Inc., 495 B.R. 328, 330 (Bankr. S.D. Tex. 2013). The existence of mineral rights in addition to property owned fee simple has not been adequately rebutted by the Bank. In order for two or more separate properties to constitute a "single project" within the meaning of 11 U.S.C. §

4

101(51B), courts have generally determined that the multiple parcels of real estate must be purchased, developed, or sold pursuant to a "common plan or scheme," linked together by "common usage" or in pursuit of a "common purpose." In re Yishlam, Inc., 495 B.R. 328, 331 (Bankr. S.D. Tex. 2013). Whether certain properties constitute a single project is a factual inquiry. "[I]n order for two or more separate properties to constitute a single project within the meaning of Code §101(51B), the properties must be linked together in some fashion in a common plan or scheme involving their use. In re Hassen Imports P'ship, 466 B.R. 492, 507 (Bankr. C.D. Cal. 2012).

The Bank requests a finding that the Debtor is a SARE in order for Code §362(d)(3) to apply. The section is as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> ....
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90–day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—
> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
> (B) the debtor has commenced monthly payments that-
> (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate[.]
> 11 U.S.C. § 362(d)(3) (2005). To fall within the scope of § 362(d)(3), a debtor's assets must constitute single asset real estate as that term is defined by the Bankruptcy Code.
> In re Webb MTN, LLC, No. 07-32016, 2008 WL 656271, (Bankr. E.D. Tenn. Mar. 6, 2008)

5

Although not currently pending as no motion for relief has been filed, the Bank does *not have an enforceable security interest in the real estate and all mineral rights.* The granting of relief from stay will first require to what extent the security interest exists in the assets of the Debtor. Evidence will be submitted by the Debtor supporting its position that the bank does not have an enforceable security interest in the all the properties.

WHEREFORE, Debtor prays that the Bank's Motion to Determine that Debtors Property is a Single Asset Real Estate be denied and for such further relief as the Court deems just.

ALVION PROPERTIES, INC., DEBTOR

By  /s/ Douglas A. Antonik
DOUGLAS A. ANTONIK
Registration #06190629

ANTONIK LAW OFFICES
3405 Broadway - P.O. Box 594
Mt. Vernon, IL 62864
Phone: (618) 244-5739
Fax:   (618) 244-9633
antoniklaw@charter.net

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon:

- Mark Skaggs, U.S. Trustees Office, 401 Main Street, Suite 1100, Peoria, IL 61602
- Ziemer, Stayman, Weitzel & Shoulders, LLP, Attn: Nick J. Cirignano, P.O. Box 916, Evansville, IN 47706-0916
- Joel A. Kunin, Esq., The Kunin Law Offices, LLC, 1606 Eastport Plaza Drive, Ste. 110, Collinsville, IL 62234-6134
- The Coffman Law Firm, Attn: Richard L. Coffman, 505 Orleans, Suite 505, Beaumont, TX 77701

either electronically or by enclosing in an envelope with postage fully prepaid and by depositing said envelope in a U. S. Post Office mail box in Mt. Vernon, Illinois, on the 23rd day of July, 2015. The above is true and correct to the best of the undersigned's knowledge.

/s/ Alisha Finke
Alisha Finke