## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

In Re:

ALVION PROPERTIES, INC.,                    Case No.: 15-40462-WVA

                                            Chapter 11
                         Debtor.

## COMMITTEE'S STATEMENT SUPPORTING DEBTOR'S MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS UNDER SECTION 363 OF THE BANKRUPTCY CODE

The Official Committee of Unsecured Creditors (the "**Committee**") recently appointed in this case hereby submits this statement supporting the *Motion for Order Authorizing Sale of Real Property Free and Clear of Liens, Claims, Encumbrances and Interests Under Section 363 of the Bankruptcy Code* [Docket No. 87] (the "**Motion**") filed by the Debtor, and respectfully states as follows:

### STATEMENT

1.        Since the Committee's appointment on October 26, 2015, the Committee has worked diligently, quickly, and efficiently to get up to speed on the Motion, particularly as the Purchaser requires the transaction to close by December 21, 2015.  The Committee believes that all of its concerns and issues have been satisfactorily resolved as set forth herein. Accordingly, the Committee requests that the Motion be approved as modified, that any asserted objections be overruled, and that the transaction be permitted to close as soon as possible.

2.      Initially, the Committee was concerned about several aspects of the transaction.  The proposed transaction is not a typical asset purchase from a debtor's estate by a purchaser.  Rather, the transaction proposed is a "step transaction" under Internal Revenue Code 721 under which the vast majority of the Debtor's assets (i.e., the real estate that is the basis to pay all unsecured creditors) will be transferred outside of the estate to a non-debtor entity called Alvion Properties II, LLC ("**Propco**") in exchange for a 99% membership ownership interest in Propco.  Propco then further transfers the Debtor's ownership interest to Alvion Investments, LLC ("**Purchaser**"), whereupon the intended Purchaser then pays the net sale proceeds to the Debtor.  It is highly unusual to allow property of the estate to be transferred outside of the estate beyond the reach of the Bankruptcy Court without any consideration being paid therefor at the time of the transfer.

3.      Accordingly, in order to evaluate the transaction, the Committee required advice of all of its proposed professionals and in particular, input from its financial advisor and tax counsel.  Based on the advice of the Committee's professionals, the Committee raised the below questions/issues, all of which the Committee believes now have been resolved based on discussions with the Debtor and counsel for the Purchaser, and appropriate safe-guards are in place to protect the unsecured creditors.  The Committee also suggested changes to the Debtor and Purchaser's versions of the Sale Order, Operating Agreement of the new non-debtor, Alvion Properties II, LLC, and the Membership Unit Purchase Agreement.  The Committee's proposed amendments to the Operating Agreement of Alvion Properties II, LLC (the "**Operating Agreement**") (a mark-up of which is attached hereto as **Exhibit A**) and the Membership Unit

Purchase Agreement (a mark-up of which is attached hereto as **Exhibit B**), are attached for the Court's review and consideration.

4.       <u>Identity of Purchaser</u>.  The identity of the Purchaser's investors are not set forth in the Motion and upon discussions with the Purchaser's counsel, the investor group wishes to remain anonymous.  If the Purchaser group were insiders of the Debtor, the transaction would, of course, require higher scrutiny by this Court.  Both Purchaser and Debtor's counsel have represented that the Purchaser is not related to the Debtor and the Committee is satisfied with that representation.

5.       <u>Source of Funds/ Ability to Close</u>.  Given the history of this Debtor, the Committee was concerned that, not knowing the identity of the investors, the Purchaser may not be a bona fide Purchaser capable of closing the transaction.  The Committee requested that the Purchaser provide financial statements, balance sheets, or other indicia of ability to close.  To address the Committee's concerns, the Purchaser agreed to place the full purchase price into a bank account held by a third party escrow agent, which was done specifically and exclusively at the Committee's request.  The Committee has received evidence that such funds have been posted and is satisfied with the Purchaser's ability to close.

6.       <u>Estate Assets Being Transferred Outside of the Estate Before Receipt of Sale Proceeds</u>.  As mentioned above, the Committee was initially very concerned about the risk posed to the estate with the vast majority of the Debtor's assets being transferred outside of the estate prior to receipt of sale proceeds.  Specifically, the Debtor's real property title will be recorded in the name of Propco in step one of the transaction in exchange for membership

interests in Propco.  In step two of the transaction, Propco will then sell the Debtor's membership

interests to the Purchaser, at which point Purchaser will pay the Debtor the sale proceeds.

Although the time period between which the Debtor's assets are transferred to Propco and then

sale proceeds are received by the Debtor's estate is expected to be less than seven (7) days, the

Committee views the risk to the estate as an extraordinary one.  The estate cannot be exposed to

the unusual risk that the transaction poses where the vast majority of estate assets are transferred

outside of the estate even for a day.

       7.     The Debtor and Purchaser's counsel have each advised the Committee that

the Debtor's counsel will hold an executed and acknowledged deed from Propco back to the

Debtor that can be recorded at the Debtor's discretion if Buyer does not timely pay the sale

proceeds to the Debtor in accordance with the purchase and sale documents attached as Exhibits

A and B hereto.   While this is one level of protection, the manager of Propco is a designee of the

Purchaser.  The Committee is concerned that unless the initial manager of Propco is an estate-

designated manager, the estate would have no recourse if, for example, Propco were to file its

own chapter 11 or chapter 7 before the Debtor received the sale proceeds from the Purchaser.

Accordingly, the Committee requested that the initial manager of Propco be a designee of the

Debtor that is acceptable to the Debtor to remain in place only until consummation of step 2 of

the overall transaction and receipt by the Debtor's disbursing agent of the sale proceeds.  The

Committee proposes that the Debtor's proposed Disbursing Agent, Robert Eggmann, be the

initial manager.  The Committee understands that the Purchaser has accepted the Committee's

request.  *See* Ex. A, Operating Agmt. at § 5.2.

8.    <u>Debtor is an Accommodation Party and Should Not Have Risk of Administrative Claims for Breach of the Operating Agreement, Indemnification, or Otherwise</u>. As originally drafted, the Operating Agreement for Propco provided that the Debtor, as a member of the LLC, have certain obligations to the LLC, including indemnification obligations set forth in Section 12.1.  The Membership Purchase Agreement also required the Debtor to make certain representations and warranties that would survive for an extended period of time. As the Debtor is agreeing to the structure of the overall transaction to accommodate the Purchaser, the Committee requested that language be included into the Operating Agreement to clarify that the estate shall have no monetary obligations or liabilities under the Operating Agreement.  *See* Ex. A, Operating Agrmt. at § 13.3 ("Overriding Provision"); and Ex. B, Membership Unit Purchase Agrmt. at §§ 6.9, 6.12.

9.    <u>Debtor's Estate Should Not Have Any Adverse Tax Consequences As a Result of the Transaction Structure</u>.  Similarly, and because the Debtor is merely accommodating the Purchaser's transaction structure, there should be no unintended adverse tax consequences to the estate, including any claims by the Purchaser or any third party against the estate for tax consequences.  The Committee requested specific provisions to guard against this as reflected in the documents.   *See* Ex. A, Operating Agrmt. at §§ 4.3, 4.5.3, 4.5.4, 13.3; and Ex. B, Membership Unit Purchase Agrmt. at § 3.2.6.

10.    <u>Sale Order Revisions</u>.  The Committee has also requested revisions to the sale order, which the Committee understands to be acceptable to the Debtor and Purchaser's counsel.

11.     With all of the extensive Committee's modifications and protections to the proposed "721 Transaction", and with the Committee having reviewed determined that the sale proceeds appear to be adequate to satisfy all asserted unsecured claims in full in this case, the Committee supports the entry of the sale order approving the transaction on the revised set forth in the attached, including the waiver of the 14-day stay period set forth in Bankruptcy Rule 6004(h).

WHEREFORE, for the foregoing reasons, the Committee supports the Motion, as modified by the attached exhibits, and requests that it be APPROVED.

Dated:  December 11, 2015                    BRYAN CAVE LLP

                                            */s/Laura Uberti Hughes*
                                            Daniel C. Nester (IL Bar No. 6208872)
                                            Laura Uberti Hughes (IL Bar No. 6298448)
                                            Bryan Cave LLP
                                            One Metropolitan Square
                                            211 N. Broadway, Suite 3600
                                            St. Louis, MO 63102
                                            Telephone: (314) 259-2000
                                            Facsimile:  (314) 259-2020
                                            Email: dcnester@bryancave.com
                                                    laura.hughes@bryancave.com

                                            and

                                            PACHULSKI STANG ZIEHL & JONES LLP
                                            Bradford J. Sandler
                                            Shirley S. Cho
                                            919 North Market St., 17th Fl.
                                            Wilmington, DE  19801
                                            Telephone:  (302) 652-4100
                                            Facsimile:  (302) 652-4400 fax
                                            Email: bsandler@pszjlaw.com
                                                    scho@pszjlaw.com

                                            *Proposed Counsel to the Official Committee of*
                                            *Unsecured Creditors*