IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALVION PROPERTIES, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | CASE NO. 15-40462 |
| | ) | |

ORDER AUTHORIZING SALE OF REAL PROPERTY
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
INTERESTS UNDER SECTION 363 OF THE BANKRUPTCY CODE

This matter is before the Court pursuant to the Debtor's Motion for Order Authorizing Sale of Real Property Free and Clear of Liens, Claims, encumbrances and Interests under Section 363 of the Bankruptcy Code (the "Motion"). In the Motion, the Debtor seeks authority to transfer the real property described on Exhibit A hereto (the "Property") into a real estate partnership known as Alvion Properties II, LLC, a Georgia limited liability company ("Alvion II") in exchange for 99 of 100 units of Alvion II and then to sell 98 of its 99 units for the sum of approximately $6,021,270.00 (the "Purchase Price"). It appearing to the Court that (A) the Official Committee of Unsecured Creditors' (the "Committee") objections having been resolved as incorporated herein, (B) there were no competing bids to purchase the Property, the Court finds and determines that:

1.  The Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§105 and 363. This is a "core" proceeding within the contemplation of 28 U.S.C. §157(b)(2)(A) and (O).

2.  As evidenced by the proofs of service on file with this Court: (i) due, proper, timely, adequate, and sufficient notice and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein and

DOCS_LA:294803.2 03582/002

the opportunity to submit bids for purchase of the Property have been provided in accordance with Bankruptcy Code sections 102(1), 105(a), and 363 and Bankruptcy Rules 2002, 6004, and 9014, and in compliance with the Sale Documents, have been afforded to interested persons and entities, including, but not limited to: (1) the Office of the United States Trustee; (2) all entities known to the Debtor that assert any liens against or other interests in the Property (or any portion thereof); (3) all parties known to the Debtor who since the bankruptcy filing, expressed in writing an interest in purchasing all or a portion of the Property; (4) all entities that filed a notice of appearance and request for service of papers in these cases in accordance with Bankruptcy Rule 2002; and (5) the unsecured creditors committee and its attorneys; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Motion, the hearing on the Motion, or the Sale Notice is or shall be required.

3. Approval of the revised Operating Agreement of Alvion II attached hereto as **Exhibit B** and the revised Membership Unit Purchase Agreement attached hereto as **Exhibit C** (the "Sale Documents"), and consummation of the sale contemplated therein is in the best interests of the estate, creditors, and other parties in interest. The Debtor has demonstrated (i) good, sufficient, and sound business purpose and justification, and (ii) compelling circumstances for the sale pursuant to section 363(b) of the Bankruptcy Code.

4. The sale contemplated in the Sale Documents will preserve the existing value of the Property and maximize the estate for the benefit of all constituencies.

5. The Sale Documents were negotiated, proposed, and entered into by the Debtor and Webb Creek Management Group, LLC, without collusion, in good faith, and from arm's length bargaining positions. Purchaser (as that term is defined in the Sale Documents) is not an "insider" of the Debtor as that term is defined in section 101 of the Bankruptcy Code. The Debtor and Purchaser have not engaged in any conduct that would cause or permit the Sale Documents to be avoided under Bankruptcy Code section 363(n).

6. Purchaser is in all respects a good faith purchaser under 11 U.S.C. §363(m) and, as such, is entitled to all of the protections afforded thereby. Purchaser will be acting in good faith within the meaning of Bankruptcy Code section 363(m) in consummating the purchase of the Debtor's units in Alvion II, as is set forth in the Sale Documents.

7. The consideration to be provided by Purchaser pursuant to the Sale Documents: (i) is fair and reasonable; (ii) is higher or otherwise better than any other offer proposed for the Property; (iii) will provide a greater recovery for creditors than would be provided by any other practically available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

8. The Sale Documents were not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code.

9. The transfer of the Property to Alvion II will be a legal, valid, and effective transfer of the Property, and, except as expressly provided in the Sale Documents, will vest Alvion II with all right, title, and interest of the estate to the

3

Property free and clear of all liens, claims, encumbrances, and interests of any kind (collectively from time to time herein "Interests"), including, without limitation, the following: (i) Interests that purport to give any party or entity a right or option to effect any forfeiture, modification, right of first refusal, or termination of the estate's interest in the Property, or any similar rights; and (ii) Interests relating to liens, leases, claims, and encumbrances on the Property or against the Debtor; <u>provided, however</u>, that all such Interests shall attach to the proceeds of the sale in the order of their respective priorities, validities, and to the same extent as existed immediately prior to the Closing.

10. The Debtor has demonstrated that it is an exercise of its sound business judgment to consummate the transactions set forth in the Sale Documents, to convey the Property into Alvion II, and to sell substantially all of its units in Alvion II to the Purchaser.

11. The consummation of the sale contemplated by the Sale Documents (the "Closing") will be a legal, valid, and effective transfer of the Property to Alvion II, and vests or will vest Alvion II with all right, title, and interest in and to the Property free and clear of all liens and interests.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

A. The Motion is **GRANTED** as set forth herein.

B. The Sale Documents and all of the terms and conditions thereof, and the transaction completed thereby, are hereby approved.

C. Pursuant to Bankruptcy Code sections 363(b) and (f), the Debtor is authorized, empowered, and, subject to the terms of the Sale

Documents and this Order, directed to execute, deliver and perform under, consummate, and implement the Sale Documents together with all additional instruments and documents that are requested by Purchaser as may be reasonably necessary or desirable to implement the Sale Documents, and to take any and all actions as it deems necessary, appropriate, or advisable for the purpose of assigning, transferring, granting, conveying, and conferring to Purchaser, or reducing to possession, the Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Sale Documents. The court further directs that the date of the Closing (the "Closing Date") shall take place as soon as practicable following the entry of this Order.

D.  The Initial Manager of Alvion II under its Operating Agreement shall be Robert Eggmann. Robert Eggmann shall be vested with all rights and authority to effectuate the terms of the Sale Documents as set forth therein and to consummate the transactions contemplated thereby, all for the .benefit of the Debtor.

E.  Pursuant to sections 105(a) and 363 of the Bankruptcy Code, upon the Closing and receipt of sale proceeds by the Debtor's estate: (i) the transfer of the Property to Alvion II pursuant to the Sale Documents shall constitute a legal, valid, and effective

       transfer of the Property and shall vest Alvion II with all right, title, and interest in and to the Property; (ii) the Property shall be transferred to Alvion II free and clear of all liens, claims, interests and encumbrances, in accordance with section 363(f) of the Bankruptcy Code, with any such liens, claims, interests and encumbrances to attach to the net proceeds of the sale of the Property, in the order of their priority, with the same validity, force, and effect which they had against the Property prior to the entry of this Order, subject to any rights, claims, and defenses the Debtor may possess with respect thereto.

F.    The consideration provided by Purchaser for the transactions contemplated by the Sale Documents is fair and reasonable and may not be avoided under Bankruptcy Code section 363(n).

G.    The proceeds from the sale of the Debtor's interest in Alvion II shall be paid directly by the Purchaser to the Debtor's disbursing agent, Robert Eggmann, and shall not be disbursed absent a further Court Order except that the following lien holders shall be paid at closing and a lien/mortgage release shall be tendered:

    1    Farmers State Bank of Alto Pass the sum of $1,705,325.46 in exchange for a release of their mortgage.

    2    George Howard and SWRR Properties, Inc the sum of $2,000,000.00 in exchange for a release of all liens, encumbrances and interest in the property.

6

    3 Coffman Law, as attorney and agent for judgment lien creditors, Berkely Law Technology Group et al the sum of $779,039.10 in exchange for a release and satisfaction of debt of a judgment rendered against the Debtor in the amount of $603,324.71 and recorded as an attorney lien in Scott County, Virginia.

H. The sale and purchase of the Property has been, and is undertaken by the Debtor and Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale and purchase of the Property shall not affect the validity of the conveyance of the Property to Alvion II or the subsequent sale of the Debtor's interest in Alvion II to Purchaser. Purchaser is in all respects a good faith purchaser and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

I. This Court retains jurisdiction to (a) interpret, implement, and enforce the terms and provisions of this Order and the terms of the Sale Documents; (b) enter orders in aid or furtherance of the transactions contemplated in the Sale Documents; (c) compel delivery of the Property to Alvion II subject to any and all defenses of the Debtor's estate; (d) adjudicate all issues concerning any actual or alleged liens or interests in and to the Property including

the extent, validity, enforceability, priority, and nature of all such actual or alleged liens or interests; and (e) adjudicate any and all issues or disputes relating to the Debtor's title to or interest in the Property and the proceeds of the sale contemplated by the Sale Documents.

J. This Sale Order: (a) shall be effective as a determination that, on the Closing Date, all liens and interests of any kind or nature whatsoever or howsoever existing as to the Property prior to and/or up to and including the time of the Closing have been unconditionally released, discharged, and terminated as to the Property, with such liens and interests to attach to the proceeds of such sale in the same order, validity, and priority as existed immediately prior to the Closing, and that the conveyances described herein have been effected; and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record, or release any documents or instruments, or who may be required to report or insure any title or state of title in, or to, the Property. The liens

and interests affected by this Order shall specifically include, but shall not be limited to, those items set forth on **Exhibit D** attached hereto.

K. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Documents.

L. This Order shall take immediate effect and the 14-day period provided by Fed. R. Bankr. P. 6004(h) shall not apply so that the sale may close immediately.

M. Counsel for the Debtor shall serve a copy of this Order on all interested parties.

ENTERED:

12/15/15

_____
UNITED STATES BANKRUPTCY JUDGE